UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JULIE HECHT,

                    Plaintiff,

-against-

HEIDI BRANDT; JERRY WELLS,

                    Defendants.

23-CV-6276 (LTS)

ORDER DIRECTING PAYMENT OF FEE OR IFP APPLICATION

LAURA TAYLOR SWAIN, Chief United States District Judge:

      On July 20, 2023, state-court Defendant Jerry Wells removed this action to this court from New York Supreme Court, New York County, by submitting a notice of removal.[1] (ECF 1.) He utilized the court's email system, which provides parties initiating new civil actions, 21 days to submit the $402.00 filing fees – a $350.00 filing fee plus a $52.00 administrative fee. If a party intends to proceed *in forma pauperis* ("IFP"), by requesting authorization to proceed without payment of fees under 28 U.S.C. §§ 1914-1915, an IFP application is generally filed at the time the new civil action is filed.

      Wells did not submit an IFP application at the time he filed his notice of removal, and 21 days have passed since he removed this action. Thus, within thirty days of the date of this order, Wells must either pay the $402.00 in fees or submit the attached IFP application. If Wells submits the IFP application, it should be labeled with docket number 23-CV-6276 (LTS). If the Court grants the IFP application, Wells will be permitted to proceed without prepayment of fees. *See* 28 U.S.C. § 1915.

---

[1] On the same day that Wells removed this action, the other state-court Defendant sued in this matter, Heidi Brandt, filed a separate notice of removal. The Clerk's Office opened this second notice of removal as a separate civil action. *See Hecht v. Brandt*, No. 23-CV-6279 (UA). It is unclear why Wells and Brandt did not file one notice of removal.

If Wells complies with this order, the case shall be processed in accordance with the procedures of the Clerk's Office. If Wells fails to comply with this order within the time allowed, the action will be dismissed.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated:   August 17, 2023
         New York, New York

                                          /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          Chief United States District Judge