```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
JULIE HECHT,                                               :
                                                           :
                          Plaintiff,                       :      OPINION & ORDER
                                                           :
              -v-                                          :      23-CV-6276 (JLC)
                                                           :
HEIDI BRANDT and JERRY WELLS,                              :
                                                           :
                          Defendants.                      :
-----------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/29/2024

**JAMES L. COTT, United States Magistrate Judge.**

Plaintiff Julie Hecht brings this action against *pro se* defendants Heidi Brandt and Jerry Wells (together, "defendants") alleging various tort claims, including libel and fraud. Hecht originally commenced this action in New York State Supreme Court, New York County. Defendants then removed the action to this Court on the basis of diversity jurisdiction. Pending before the Court is Hecht's motion to remand pursuant to 28 U.S.C. § 1447(c) on timeliness grounds. For the following reasons, the motion is granted.

## I. BACKGROUND

### A. Factual Background

The parties in this case have a lengthy history with one another. Hecht was previously married to and has children with Wells, who now lives with and is engaged to Brandt. *See* Verified Complaint ("Compl.") ¶ 1, *Hecht v. Brandt*, Index No. 154012/2021, NYSCEF Doc. No. 10; Declaration of Randy Zelin dated August 18, 2023 ("Zelin Decl.") ¶ 1 & nn.1 & 3, Dkt. No. 6-1. Additionally, Hecht is now married to her counsel, Randy Zelin, Esq., who has been representing her in this

action (and has been at all times relevant to this action). Compl. ¶ 8; Declaration of Randy Zelin dated September 13, 2023 ("Zelin Reply Decl.") ¶¶ 3, 9, Dkt. No. 18.

Hecht brought a personal injury lawsuit against two individuals who are alleged to have severely injured her and "caus[ed] her to suffer serious and permanent eye damage." Compl. ¶¶ 2, 10. Hecht alleges that the defendants in this action (Brandt and Wells) intended to help the defendants in the personal injury suit by providing their attorneys with "(a) false and defamatory emails about Hecht[,] (b) false information about Hecht's medical history[,] and[] (c) Hecht's confidential medical records and information that Wells possessed solely because he was responsible for reimbursing Hecht for her out of pocket medical expenses pursuant to their judgment of divorce." *Id.*

**B. Procedural History**

On April 26, 2021, Hecht brought the present action in New York State Supreme Court, New York County (the "state action"), alleging claims of libel, fraud, aiding and abetting, fraudulent concealment, breach of fiduciary duty, conversion, intentional infliction of emotional distress, *prima facie* tort, and violations of New York Civil Rights Law §§ 50 and 51. Summons with Notice, Dkt. No. 1-3; Compl. ¶¶ 36–147.[1] The complaint in the state action alleged that Hecht is

---

[1] Both parties have attached many of the underlying state court filings in various submissions to this Court, including the Notice of Removal (Dkt. No. 1 & Exs.), Hecht's motion to remand (Dkt. No. 6 & Exs.), and her reply (Dkt. No. 18 & Exs.). Excluding the complaint, which is only excerpted in defendants' notice of removal, *see* Dkt. No. 1-12 (excerpt of complaint beginning at paragraph 79), the Court will refer to these documents based on their federal court docket numbers. The Court has, on its own, reviewed the state court docket and the filed complaint and cites to

a resident of the State of New York and defendants are residents of the State of Florida.  Compl. ¶¶ 5–7.  The complaint further sought damages of $250,000.00 for each of cause of action, as well as $1,000,000.00 in punitive damages.  *Id.* at 25–26; Notice of Removal ¶ 2.

Hecht attempted personal service on defendants on May 1, 3, 4, and 10, 2021, "but [the process server] received no response to repeated knocks at the door."  Dkt. No. 6-4 (Affidavits of Service).  On May 10, 2021, Hecht served defendants by affixing the summons with notice on the front door at defendants' home address and by sending defendants the summons at the same address by first class mail, enclosing it in a sealed envelope labeled "PERSONAL AND CONFIDENTIAL."  *Id.* at 2, 4.  On May 21, 2021, defendants filed a Demand for Complaint and appeared *pro se* in the state action while reserving their right to attack the sufficiency of service.  *See* Dkt. No. 6-5 (Notices of Appearance and Demands for Complaint).

On June 22, 2021, defendants moved for a traverse hearing or for dismissal on service grounds pursuant to N.Y. C.P.L.R. § 3211(a)(8).  Dkt. No. 1-16 (Notices of Motion).  The court granted the motion for a traverse hearing on September 3, 2021.  *See* Dkt. No. 1-40 (Decision and Order on Motion).  On February 24, 2022, Hecht requested leave to re-serve the summons with notice as the traverse hearing had yet to be scheduled.  *See* Dkt. Nos. 1-41 through 1-43.  More than a year later, on May 18, 2023, Hecht moved for an extension of time to serve defendants by email, which was granted on June 21, 2023.  *See* Dkt. Nos. 1-58 & 1-59,  (Motion &

---

it in this Opinion.

3

Affidavit), 1-61 (Decision and Order). Hecht served defendants via email the same day. See Dkt. No. 1-83 (Proof of Service); *see also* Notice of Removal Ex. B. at 4–5, Dkt. No. 1-2.

On July 20, 2023, defendants removed the state action to this Court on the basis of diversity jurisdiction. Dkt. No. 1.[2] Defendants answered the complaint on August 7, 2023. Dkt. No. 4. Hecht then filed her motion to remand, memorandum of law, supporting declaration, and exhibits on August 18, 2023. Notice of Motion, Dkt. No. 6; Plaintiff's Memorandum of Law ("Pl. Mem"), Dkt. No. 6-7; Zelin Decl., Dkt. No. 6-1. Defendants filed an opposition to plaintiff's motion ("Defs. Mem.") on September 9, 2023. Dkt. No. 17. Hecht submitted reply papers on September 13, 2023. Zelin Reply Decl., Dkt. No. 18. The parties consented to my jurisdiction on September 20, 2023. Dkt. No. 21.

## II.  DISCUSSION

### A. Legal Standards

Under 28 U.S.C. § 1441(a), a party may remove a state court action to federal court if the action could originally have been commenced in federal court. 28 U.S.C. § 1441(a) ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place

---

[2] Per the state court docket, defendants filed the notice of removal in state court on July 19, 2023. *See* Notice of Removal, Dkt. No. 1-2.

4

where such action is pending."). District courts have original jurisdiction over cases "between . . . citizens of different states," where the amount in controversy exceeds $75,000. *Id.* § 1332(a). However, "a district court must remand [an] action to state court if it determines that it lacks subject matter jurisdiction." *McGrath v. Indus. Waste Techs.*, No. 20-CV-2858 (KPF), 2021 WL 791537, at *4 (S.D.N.Y. Feb. 26, 2021) (quoting *Qadar v. Citibank*, 927 F. Supp. 2d 86, 87 (S.D.N.Y. 2013)). Due to the "congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability." *Id.* (quoting *Purdue Pharma L.P. v. Kentucky*, 704 F.3d 208, 213 (2d Cir. 2013)).

"On a motion to remand, the party seeking to sustain its removal of the action bears the burden of demonstrating that removal was proper." *Dominguez v. Rogers*, No. 16-CV-6888 (VSB), 2017 WL 3381894, at *2 (S.D.N.Y. Aug. 4, 2017) (citing *Stan Winston Creatures, Inc. v. Toys 'R' Us, Inc.*, 314 F. Supp. 2d 177, 179 (S.D.N.Y. 2003)); *see also Michael J. Redenburg, Esq. PC v. Midvale Indem. Co.*, 515 F. Supp. 3d 95, 99 (S.D.N.Y. 2021) (citing *Herrick Co. v. SCS Commc'ns, Inc.*, 251 F.3d 315, 322–32 (2d Cir. 2001)).

"When considering a motion to remand, the district court accepts as true all relevant allegations contained in the complaint and construes all factual ambiguities in favor of the plaintiff." *Macklin v. Lexington Ins. Co.*, No. 20-CV-5372 (ER), 2020 WL 5796814, at *2 (S.D.N.Y. Sept. 29, 2020) (quoting *Weiss v. Hager*, No. 11-CV-2740 (VB), 2011 WL 6425542, at *2 (S.D.N.Y. Dec. 19, 2011)). "Moreover,

'[b]ecause this is a jurisdictional inquiry,' the Court may 'look beyond the face of the complaint' to affidavits and exhibits when deciding whether to remand.'" *Id.* (quoting *Gov't Emps. Ins. Co. v. Saco*, No. 15-CV-634 (NGG) (MDG), 2015 WL 4656512, at *3 (E.D.N.Y. Aug. 5, 2015)).

### B. Application

"For diversity jurisdiction to be available, all of the adverse parties in a suit must be completely diverse with regard to citizenship." *Michael J. Redenburg, Esq. PC*, 515 F. Supp. 3d at 100 (brackets omitted) (quoting *E.R. Squibb & Sons, Inc. v. Accident & Cas. Ins. Co.*, 160 F.3d 925, 930 (2d Cir. 1998)). Likewise, the amount in controversy must be greater than $75,000.00. 28 U.S.C. § 1332(a). In addition, a notice of removal must "be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action . . . is based." 28 U.S.C. § 1446(b). As the parties neither dispute that there is complete diversity nor contest that the amount in controversy exceeds $75,000.00, the Court addresses only whether removal was timely.

#### 1. Defendants' Removal Was Untimely

Hecht argues that removal was untimely because the notice of summons in the state court action provided defendants with sufficient information to determine removability and was received by them on or before May 21, 2021, so any notice of removal had to be filed on or before June 21, 2021, rather than on July 20, 2023, the date they filed their removal notice. Pl. Mem. at 3–4; Zelin Decl. ¶ 3. Defendants

6

counter that removal was timely because diversity jurisdiction (and thus removability) could not have been ascertained from the face of the notice of summons.  Defs. Mem. at 3–4.  Hecht has the better of the argument.

"A case is removable when the initial pleading enables the defendant to intelligently ascertain removability from the face of such pleading, so that in its petition for removal, the defendant can make a short and plain statement of the grounds for removal as required by 28 U.S.C. § 1446(a)."  *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 205–06 (2d Cir. 2001) (cleaned up).  "A pleading enables a defendant to intelligently ascertain removability when it provides "the necessary facts to support [the] removal petition."  *Id.* at 206 (citation omitted).  "In cases where removal is based upon diversity, the facts required to support the removal petition include the amount in controversy and the address of each party."  *Id.* (citation omitted).  While a summons with notice may serve as an initial pleading triggering the running of the 30-day limitations period of the removal statute, *see Whitaker*, 261 F.3d at 203–04,[3] courts in this District have held that "if a bare-bones summons with notice fails to provide enough information to allow a defendant applying a 'reasonable amount of intelligence [to] ascertain[] removability,' but a subsequently filed complaint does provide such information, the defendant may remove within thirty days of service of the *complaint*, not the Summons with Notice."  *MBIA Ins. Corp. v. Royal Bank of Canada*, 706 F. Supp. 2d

---

[3] The parties do not dispute that the summons with notice constitutes an initial pleading in these circumstances.

7

380, 389 (S.D.N.Y. 2009) (emphasis added).  Even when removability is not "immediately apparent from the face of the Summons with Notice," however, a summons may still be sufficient to trigger the 30-day removal period where defendants had "full knowledge" of the information "not apparent" from the summons.  *Fisher v. Bangor Punta Corp.*, No. 85-CV-497 (CSH), 1987 WL 8650, at *2 (S.D.N.Y. Mar. 27, 1987).  Relatedly, as other courts have observed, "a defendant is presumed to know the facts surrounding its own citizenship."  C*ontreras v. BMW of N. Am., LLC*, No. CV 18-8014 PA (MAAX), 2018 WL 4849107, at *2 (C.D. Cal. Oct. 3, 2018) (first citing *Dugdale v. Nationwide Mut. Fire Ins. Co.*, No. Civ.A. 4:05CV138, 2006 WL 335628, at *5 (E.D. Va. Feb. 14, 2006) ("[A]lthough . . . a defendant need not investigate a plaintiff's citizenship, certainly a defendant is responsible for knowing its own citizenship, and could not ignore such only to later claim that subsequent documents revealed to the defendant its own citizenship."); then citing *Day v. Zimmer, Inc.*, 636 F. Supp. 451, 453 (N.D.N.Y. 1986) ("obviously defendant is in the best position to know its residence for diversity purposes" even when plaintiff misidentifies defendant's address)).

Here, there was sufficient information on the notice of summons for defendants to "intelligently ascertain removability" when the following facts are considered.  *Whitaker*, 261 F.3d at 206.  First, the state action has been litigated for more than two years.  See Zelin Decl. ¶ 4.  Second, it was initiated with the notice of summons dated and filed April 26, 2021.  *Id.* ¶¶ 4–5.  Third, defendants must have received and reviewed the notice of summons no later than May 21, 2021,

8

because they filed their demand for a complaint on May 24, 2021.  *Id.* ¶¶ 7, 11–13.  Fourth, and most significantly, the notice of summons provided defendants with sufficient facts to determine removability because it provided them with plaintiff's address, the claims alleged, and the relief sought: $250,000 in damages for each claim and $1 million in punitive damages.  *See* Pl. Mem. at 4–5; Zelin Decl. ¶¶ 8–9; *see also* Summons with Notice, Dkt. No. 1-3.  Moreover, defendants plainly had knowledge of their own citizenship (by virtue of knowing their own address in Florida), and so the argument that they lacked sufficient information to determine removability until 2023, *see* Defs. Mem at 3–4, is unpersuasive.  Defendants cannot now claim to have been unapprised of the action and whether it could be removed to federal court given the information they possessed and after filing a demand for a complaint and engaging in motion practice in 2021.  *See, e.g., Dugdale*, 2006 WL 335628, at *5; *Day v. Zimmer, Inc.*, 636 F. Supp. at 453.

For these reasons, the 30-day removal period began on May 21, 2021, and defendants' removal to this Court was untimely.

### 2. Hecht is Not Entitled to Attorney's Fees

Having determined that defendants' removal was untimely, the Court briefly turns to Hecht's request for attorney's fees in connection with defendants' removal.  *See* Pl. Mem. at 6.  Courts in this District have observed that "[a]n order remanding a case may, in [the] court's discretion, 'require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.'"  *Qatar v. First Abu Dhabi Bank PJSC*, 432 F. Supp. 3d 401, 420–21 (S.D.N.Y. 2020) (quoting

9

28 U.S.C. § 1447(c)). However, attorney's fees under § 1447(c) are awarded "only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Id.* (quoting *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005)); *see also Koninklijke Philips Elecs. v. Digital Works, Inc.*, 358 F. Supp. 2d 328, 335 (S.D.N.Y. 2005) (denying fees where defendant had "colorable basis for removal").

In this case, while removal was untimely, an award of fees is not warranted. Although Brandt and Wells could "intelligently ascertain removability" from the notice of summons, the Court does not read *Whitaker* and its progeny so narrowly as to prompt an award of fees here. Moreover, the record does not establish that defendants' removal was "merely an attempt to abuse or harass [Hecht], or to force [her] to incur unnecessar[y] expenses," such that fees would be justified. *Koninklijke Philips Elecs.*, 358 F. Supp. 2d at 335 (cleaned up).[4] Finally, the Court is mindful that defendants are proceeding *pro se* and appeared in the state action while (a) preserving their right to challenge jurisdiction and service, and (b) moving to dismiss the action on jurisdictional grounds. While their arguments for removal were ultimately unsuccessful, they were colorable enough not to call for a fee award.

---

[4] Having said that, it is certainly odd that defendants would want to come to federal court and litigate this dispute, while the related action giving rise to this dispute remained in state court. Inefficiency, at a minimum, would likely occur as a result.

### III.   CONCLUSION

For the reasons stated above, this case is remanded to state court.  The Clerk of the Court is respectfully directed to remand the case to the New York Supreme Court, New York County, and close this case.

**SO ORDERED.**

Dated:  New York, New York
       January 29, 2024

_____
JAMES L. COTT
United States Magistrate Judge